## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE IACOVONI<br>2722 Dorp Lane<br>East Norriton, PA 19401 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No. |
| v. | : <br> : <br> : | |
| MLM, INC.<br>200 Fairfield Rd.<br>Plymouth Meeting, PA 19462<br>and<br>MLM II, INC.<br>200 Fairfield Rd.<br>Plymouth Meeting, PA 19462<br>and<br>MLM III, INC.<br>200 Fairfield Rd.<br>Plymouth Meeting, PA 19462<br>and<br>LEE-DAN CORPORATION<br>200 Fairfield Rd.<br>Plymouth Meeting, PA 19462<br>and<br>MARYLEE COOK<br>200 Fairfield Rd.<br>Plymouth Meeting, PA 19462 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendants. | : <br> : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Leslie Iacovoni (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against the above-named Defendants (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" -42 USC §§ 12101 *et. seq.*) and the Pennsylvania

Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3.      This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff exhausted her administrative remedies (with respect to her ADA claims) because she timely filed Charges with the Equal Employment Opportunity Commission ("EEOC") and filed the instant lawsuit within ninety (90) days of receiving a right-to-sue letter and/or notices of case closure from the EEOC.

---

[1] Plaintiff will move to amend her instant lawsuit to include a claim under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant ADA claims identically.

## PARTIES

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual, with an address as set forth in the caption.

8.    Defendants MLM, Inc., MLM II, Inc., MLM III, Inc. and Lee-Dan Corporation (*hereinafter* collectively referred to as "Defendant Entities") are entities doing business as Black Horse Tavern or Top Kats Pub & Grill and are incorporated in Pennsylvania.  Each of these 4 entities are owned and operated by MaryLee Cook and Plaintiff performed work at each of these four entities (but was paid under the table when working at two locations). Upon information and belief, these four (4) entities comprise one general operation and were a joint employer of Plaintiff during her period of employment with Defendants.

9.    Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendant Entities are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10.    Defendant MaryLee Cook (*hereinafter* referred to as "Defendant Cook") is upon information and belief the owner and operator of Defendant Entities who controls and manages the terms and conditions of employment for employees (including Plaintiff) of Defendant Entities, including but not limited to hiring, firing, discipline and compensation.

11.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.    Defendants have four different locations including:

      i.  Plymouth Meeting, PA;

      ii.  Eagleville, PA;

      iii.  Phoenixville, PA; and

      iv.  Norristown, PA

14.    Three restaurants owned by Defendant Cook do business as "Black Horse Tavern" and the other does business as "Top Kats Pub & Grill."

15.    Plaintiff was employed by Defendants for approximately five (5) years as a cook.

16.    Plaintiff primarily worked out of Defendants' Plymouth Meeting and Eagleville locations; however, Plaintiff occasionally performed work at Defendants' other two aforementioned locations. When Plaintiff performed work at Defendants' other two locations, she was paid under the table.

17.    While employed with Defendants as a cook, Plaintiff did not supervise employees, have the ability to hire or terminate employees, and did not evaluate employees or perform typical supervisory functions.

18.    Additionally, while employed with Defendants as a cook, Plaintiff did not make decisions for Defendants concerning matters related to operating the business, such as entering into binding contracts, advertising matters, or other fiscal matters.

19.    Plaintiff merely performed routine duties for Defendants on a daily basis and did not exercise any meaningful discretion in the performance of her job.

20.   Plaintiff was paid on an hourly basis, earing approximately $14.00 dollars per hour.

21.   However, Plaintiff was never paid her entire hourly rate by check; instead Defendants paid Plaintiff $8.00 per hour by check and the other $6.00 per hour by cash.

22.   Plaintiff often worked over 40 hours in one week; however, she was never paid time and one half for hours worked in excess of 40 hours in one week.

23.   While employed with Defendants, Plaintiff suffered from disabilities, including but not limited to diabetes and kidney failure, which at times prevented her from performing some daily life activities, including but not limited to controlling her blood sugars, performing manual tasks, and working (among other daily life activities).

24.   Towards the end of Plaintiff's employment with Defendants, she began having complications with her disabilities due to the fact that her medication was in the process of being adjusted.

25.   In the beginning of May 2015, Plaintiff was hospitalized for approximately 5 days for issues related to her disabilities and communicated the same to Defendant Cook.

26.   Plaintiff returned to work after her brief medical leave of absence; however, on or about May 12, 2015, Plaintiff had an episode at work wherein she fainted (due to the adjustments in her medication) and was thereafter hospitalized again, which resulted in her missing very minimal time from work.

27.   Between May 12, 2015 and her termination, Plaintiff was questioned repeatedly by Defendant Cook about her health conditions, medications, and her ability to perform her job as a result of her health conditions.

28.     For example, shortly after Plaintiff's May 12, 2015 fainting episode, Defendant Cook informed Plaintiff that she read information about dialysis and suggested that Plaintiff take an involuntary leave of absence or reduce her hours. Plaintiff responded that she wanted to maintain her regular schedule.

29.     Upon Plaintiff's return to work, she provided Defendants with a doctor's note stating that she was cleared to return to work.

30.     Defendant Cook later asked Plaintiff to get a doctor's note clearing her to work from her Endocrinologist, to which Plaintiff replied that she had an appointment with that doctor on May 28, 2015 and would get a doctor's note at that time.

31.     Despite not having a note from her Endocrinologist, Plaintiff was allowed to remain working; however, she was treated with hostility in that she was not given her full regular shift or job duties and her hours were reduced.

32.     On or about May 26, 2015, Plaintiff had another fainting episode at the end of her shift while she was waiting for her ride home.

33.     Before Plaintiff was permitted to return to work, Defendant Cook informed Plaintiff that she wanted to speak with Plaintiff's Endocrinologist to determine if she could work (thereby placing her on an involuntary leave of absence).

34.     On or about May 29, 2015, Defendant Cook contacted Plaintiff's Endocrinologist who informed her that Plaintiff was cleared to return to work, that her medication was adjusted and that fainting episodes should not be an issue moving forward.

35.     On or about May 30, 2015, Plaintiff was terminated from Defendants and was informed by Defendant Cook that the reason for her termination was because Plaintiff's doctor could not "guarantee" that she would never have another fainting episode.

36.     Plaintiff was terminated as a direct result of her health conditions (despite the fact that she was released to return to work full duty by two different doctors).

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment)**
**-Against Defendant Entities-**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities.

39.     Plaintiff requested accommodations towards the end of her employment for her health conditions, including but not limited to intermittent time off from work.

40.     Despite being cleared by two doctors to return to work full duty, Plaintiff was terminated by Defendants because Plaintiff's doctor could not "guarantee" that she would never have another fainting episode.

41.     Plaintiff had her schedule changed, had her hours reduced, was place on an involuntary leave of absence, subject to a hostile work environment, and later terminated from Defendants because of: (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) because she requested accommodations, which constitutes unlawful retaliation.

42.     These actions as aforesaid constitute violations of the ADA, as amended.

**Second Cause of Action**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**-Against All Defendants-**

43.     The foregoing paragraphs are incorporated herein as if set forth in full.

44.     At all times relevant herein, Defendants are, and continue to be, "employer[s]" within the meaning of the FLSA.

45.     At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

46.     The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

47.     At all times during her employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

48.     Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

49.     Defendants failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that she worked over 40 each workweek.

50.     As a result of Defendants' failure to pay Plaintiff the overtime compensation due her, Defendants have violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

51.     Defendant Cook is personally liable because she is the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Cook was also responsible for perpetuating company-wide unlawful payroll practices and ratifying same. Additionally, Defendant Cook personally and intentionally deceived Plaintiff regarding her compensation.

### Third Cause of Action
### <u>Violations of the Pennsylvania Minimum Wage Act ("PMWA")</u>
### (Failure to Pay Overtime Wages)
### -Against All Defendants-

52.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.    At all times relevant herein, Defendants are, and continue to be, "employer[s]" within the meaning of the PMWA.

54.    At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the PMWA.

55.    The PMWA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

56.    At all times during her employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

57.    Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

58.    Defendants failed to pay Plaintiff time and one half for all hours that she worked over 40 each workweek.

59.    Defendants' failure to pay Plaintiff's wages and overtime compensation as aforesaid constitute violations of the PMWA.

60.    Defendant Cook is personally liable because she is the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Cook was also responsible for perpetuating

company-wide unlawful payroll practices and ratifying same. Additionally, Defendant Cook personally and intentionally deceived Plaintiff regarding her compensation.

**Fourth Cause of Action**
**Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")**
**(43 P.S. 260.3(a)-(b))**
**-Against All Defendants-**

61.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62.    Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for services she performed during her employment.

63.    Defendants failed to compensate Plaintiff for all wages owed during her employment.

64.    Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement.

65.    These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

66.    Defendant Cook is personally liable because she is the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Cook was also responsible for perpetuating company-wide unlawful payroll practices and ratifying same. Additionally, Defendant Cook personally and intentionally deceived Plaintiff regarding her compensation.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, overtime pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:     _____
        Ari R. Karpf, Esq.
        3331 Street Road
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: March 30, 2016

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LESLIE IACOVONI | : | CIVIL ACTION |
| v. | : | |
| MLM, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 3/31/2016 | _(signature)_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2722 Dorp Lane, East Norriton, PA 19401

Address of Defendant: 200 Fairfield Road, Plymouth Meeting, PA 19462

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐   No☐

2. Does this case involve the issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/31/2016   _____ Attorney-at-Law   ARK2484   Attorney I.D.# 91538

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/31/2016   _____ Attorney-at-Law   ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

*₂JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

IACOVONI, LESLIE

**(b)** County of Residence of First Listed Plaintiff    Montgomery

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

MLM, INC., et al.

County of Residence of First Listed Defendant    Montgomery

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans w/Disabilities Act "ADA" (42USC12101)

Brief description of cause:
Violations of the ADA and the Pennsylvania Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____    DOCKET NUMBER _____

Explanation:

3/31/2016

**DATE**

**SIGNATURE OF ATTORNEY OF RECORD**

| Print | Save As... | Export as PDF | Retrieve PDF File | Reset |
|---|---|---|---|---|